UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLOBAL CPE NETWORK, LLC,

    Plaintiff,

v.

                                                                                        CASE NO.:

WESTERN CPE, LLC,

    Defendant.

_____/

## COMPLAINT

GLOBAL CPE NETWORK, LLC ("Global"), by and through its undersigned counsel, sues WESTERN CPE, LLC ("Western") and alleges:

1. This Complaint is brought to redress the willful violation of Global's trademark and service mark rights by a direct competitor, Western. With full knowledge of Global's rights in its name and in the mark GLOBAL CPE, Western has used the term Global CPE both to trigger sponsored links to its website on Internet search engine sites, and in the sponsored links themselves. The sponsored links improperly divert Internet consumers searching for Global's products and services to Western's website. Western's actions are intended and calculated to exploit the good will that Global has built into the GLOBAL CPE mark though years of use and promotion.

### The parties, jurisdiction, and venue

2. Global is a limited liability company organized under the laws of the State of Florida with a principal place of business in Tampa, Florida. Global is a recognized industry leader in the marketing and sale of continuing professional education (CPE) programs for certified public accountants and financial professionals. Global promotes and sells its CPE

programs, including online courses, live webinars, live seminars, and live conferences, at its website, www.globalcpe.com.

3. Western is a limited liability company organized under the laws of the State of Montana. Western offers online CPE courses, CPE conferences, and federal tax update seminars to accountants and financial professionals across the country, including accountants in Tampa, Florida, on its website at www.westerncpe.com. Western offers CPE conferences in several Florida locations, including Key West, Amelia Island, St. Augustine, and Orlando, and federal tax update seminars in Tampa, Jacksonville, Orlando, Fort Myers, West Palm Beach, and Fort Lauderdale.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. Personal jurisdiction exists because Western is currently prosecuting a separate action against Global in the U.S. District Court for the Middle District of Florida, Tampa Division, and has been: "engaged in substantial and not isolated activity within this state," Fla. Stat. § 48.193(2); "Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state," Fla. Stat. § 48.193(1)(a)1; "Committing a tortious act within this state," Fla. Stat. § 48.193(1)(a)2; and "Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, [because] at or about the time of the injury... [Western] ... was engaged in solicitation or service activities within this state," Fla. Stat. § 48.193(1)(a)6. Personal jurisdiction further satisfies the Due Process Clause of the Fourteenth Amendment.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

## General Allegations

7. Global uses the GLOBAL CPE mark in connection with the sale and advertising

62J2284.DOC

of CPE courses.

8. Global has become a leader in the promotion and sale of CPE courses to certified public accountants and financial professionals across the country, and Global has continuously used the mark in connection with such services.

9. Global promotes and sells its CPE courses, webinars, seminars, and conferences on its website located at www.globalcpe.com.

10. Global has made a substantial investment in the promotion and protection of its GLOBAL CPE mark and considers it a valuable asset.

11. Through extensive and continuous sales, promotion, and use, the GLOBAL CPE mark has come to be associated with Global and identifies Global as the source of products and services offered in connection with the mark.

12. Western is in the business of providing CPE courses for certified public accountants and financial professionals and is a direct competitor of Global. Western promotes and sells online CPE courses and live CPE seminars and conferences on its interactive website located at www.westerncpe.com.

13. Western has used Global's name and GLOBAL CPE mark on the Internet improperly to divert potential consumers of Global's CPE courses, seminars, and conferences to Western's website. Western has purchased the search term Global CPE from numerous search engines, including bing.com, and uses the term to trigger sponsored links to its website, www.westerncpe.com. When a user types "Global CPE" on the www.bing.com website to search the Internet for Global's CPE courses, seminars, and conferences, one of the highest ranking search results is a sponsored link to www.westerncpe.com.

14. At various times, the sponsored link has stated:

**Global CPE - Western CPE Courses**
Ad · www.westerncpe.com/
Flexible, Self-Study CPE Courses. Save 15% with Email Subscription!
Western CPE provides continuing professional education to accountants from the ...
Request A Quote · Special Offers · Live Chat · Financial Planning
You have visited westerncpe.com once in last 7 days.
Login · Self-Study · Resort Conferences · Webcasts

A true and correct copy is attached as **Exhibit A**.

15. Users who click on the sponsored link are directed to Western's website, www.westerncpe.com.

16. Given Western's use of the GLOBAL CPE mark in advertising at www.bing.com and other search engine websites, Global believes that Western may be using Global's mark in other keywords, key word tags, meta tags, and sponsored links on the Internet to divert consumers in search of Global's CPE courses to www.westerncpe.com.

17. Western is not in any way related to or affiliated with Global, and it does not have Global's consent to use Global's name or GLOBAL CPE mark.

18. Western's use of Global's name and GLOBAL CPE mark as a search term to trigger sponsored links to its website www.westerncpe.com, and in its sponsored links, misappropriates the goodwill that Global has built upon its mark.

19. Western is using Global's name and well-known mark to promote competing products and services through the Internet, which is the identical means of promotion used by Global.

20. The use of Global's well-known mark demonstrates Western's intent to misappropriate Global's good will by deceiving the consuming public.

62J2284.DOC

21. Western's use of Global's mark to divert Internet users to its website and promote its competing products and services is highly likely to cause confusion, mistake, and deception among consumers as to the origin of Western's products and services and/or as to sponsorship by, affiliation with, and/or connection to Global.

## COUNT I
### Trademark and Service Mark Infringement; False Designation; Unfair Competition (15 U.S.C. § 1125(a), §43(a) of the Lanham Act)

22. Global incorporates paragraphs 1 through 21, as if fully set forth herein.

23. Western has used, and continues to use, Global's mark in commerce without authorization or consent from Global.

24. Western sells, offers for sale, and advertises CPE products and services to consumers that directly compete with Global's sales of its own CPE products and services.

25. Western's use of the GLOBAL CPE mark has caused and is likely to cause confusion, mistake, and deception as to the origin of the products and services, and as to the affiliation, connection, or association of Western and Global.

26. Western's use of Global's mark has likely caused the consuming public to mistakenly believe that Western's products and services originate from, are sponsored by, or are associated with Global.

27. By using Global's mark to trigger sponsored links that contain the mark and divert Internet users searching for Global's CPE products and services to Western's own website that competes with Global, Western is wrongfully using Global's mark and intentionally violating Global's rights in its mark.

28. Global has been, and continues to be, damaged by Western's activities and conduct. Western has profited thereby and, unless its conduct is enjoined, Global's reputation

62J2284.DOC

and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Global is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

29. By using Global's mark GLOBAL CPE and by selling, offering for sale, distributing, and/or advertising products and services to the general public in connection with such use, Western has intentionally and knowingly used Global's marks. Accordingly, Global is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

### COUNT II
### False Advertising
### (15 U.S.C. § 1125(a), §43(a) of the Lanham Act)

30. Global incorporates paragraphs 1 through 21, as if fully set forth herein.

31. Through sponsored links, Western has made false or misleading representations of fact in its commercial advertising regarding the nature or origin of its products, services, and commercial activities.

32. The sponsored links were displayed nationwide to all potential consumers, i.e. certified public accountants and financial professionals, who searched the Internet for Global's products and services.

33. Western's false or misleading statements have actually deceived, or have had a tendency to deceive, a substantial portion of Western's intended audience.

34. Western's false or misleading statements are material in that the statements are likely to influence potential purchasing decisions, as consumers are likely to believe that Global's products and services are for sale and available through Western's website.

62J2284.DOC

35. As a result of Western's false or misleading statements, Global has suffered and will continue to suffer injury and damages, including losses and irreparable injury to its sales, business reputation, and goodwill.

36. Global has been, and continues to be, damaged by Western's activities and conduct. Western has profited thereby and, unless its conduct is enjoined, Global's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Global is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

37. Western has intentionally and knowingly engaged in false advertising. Accordingly, Global is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

### COUNT III
### Florida Deceptive and Unfair Trade Practices Act
### (Fla. Stat. § 501.201, et seq.)

38. Global incorporates paragraphs 1 through 21, as if fully set forth herein.

39. The foregoing conduct by Western constitutes unfair or deceptive acts and practices within the meaning of Fla. Stat. § 501.204.

40. Through the unfair and deceptive acts and practices described herein, Western has caused and continues to cause damages to Global.

41. Unless Western's conduct is enjoined, Global will continue to suffer irreparable injury to its sales, business reputation, and goodwill that cannot adequately be calculated or compensated by monetary damages.

42. Global is entitled to actual damages, injunctive relief, and attorney's fees and costs pursuant to Fla. Stat. § 501.211.

## COUNT IV
### Unjust Enrichment

43. Global incorporates paragraphs 1 through 21, as if fully set forth herein.

44. Western has been unjustly and inequitably enriched, to the detriment of Global, by the conduct alleged above.

45. Western is obligated to compensate Global for the substantial benefit conferred upon it and unjustly retained by it.

WHEREFORE, Global respectfully requests entry of final judgment in its favor granting a permanent injunction against Western; awarding damages in an amount to be determined at trial, including Global's damages and lost profits and Western's profits from its violations and unjust enrichment, described above, tripled where appropriate; awarding Global's attorney's fees and costs; and granting such further relief as is just and proper.

### TRIAL BY JURY

Demand is hereby made for trial by jury.

DATED: March 9, 2017

BUSH ROSS, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
Telephone: (813) 224-9255
Facsimile: (813) 223-9620
*Counsel for GLOBAL CPE NETWORK, LLC*

By: _____
Brian T. McElfatrick, Esq.
Florida Bar No.: 0149950
Primary email: bmcelfatrick@bushross.com
Secondary email: ksalter@bushross.com
Bryan D. Hull, Esq.
Florida Bar No.: 20969
Primary Email: bhull@bushross.com
Secondary Email: lhoman@bushross.com

62J2284.DOC